UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

JARMEL MCCRIMON,

                                Plaintiff,

        -against-

CITY OF NEW YORK, JOSEPH PERFETTO, Individually,
CARLOS CORPORAN, Individually, ROBERT RIVIELLO,
Individually, RONALDO BURKE, Individually, and JOHN
and JANE DOE 1 through 10, Individually (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                                Defendants.

-------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

14 CV 6200
(ENV) (JO)

<u>Jury Trial Demanded</u>

       Plaintiff JARMEL MCCRIMON, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## <u>Preliminary Statement</u>

    1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts supplemental state law claims.

## <u>JURISDICTION</u>

    2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## <u>VENUE</u>

    4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff JARMEL MCCRIMON is a thirty-seven year old African-American man residing in Staten Island, New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants, JOSEPH PERFETTO, CARLOS CORPORAN, ROBERT RIVIELLO, RONALDO BURKE, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said

2

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On July 24, 2013, at approximately 1:30 a.m., in front of 22 Rumpler Court, Staten Island, New York, plaintiff JARMEL MCCRIMON was lawfully present in front of Anita Kelly's residence, where MCCRIMON was staying that evening as an overnight guest.

13.     One of the defendant NYPD officers, believed to be defendant CORPORAN, approached MCCRIMON and attempted to search inside MCCRIMON'S pants' pocket pursuant to an unlawful practice of stopping and searching individuals due to discrimination against them based on their race and/or nationality, and not for any lawful particularized suspicion that MCCRIMON was engaged in any criminal activity.

14.     The defendant officer unlawfully and unjustifiably ordered MCCRIMON to turn around and put his hands behind his back.  MCCRIMON immediately complied.

15.     The above-mentioned defendant officer then handcuffed MCCRIMON despite lacking probable cause to believe MCCRIMON had committed any crime or offense.

16.     When the defendant officer handcuffed MCCRIMON, he squeezed the handcuffs into a severely over tight position.

17.     The defendant officers refused to loosen MCCRIMON'S handcuffs despite MCCRIMON's complaints that the cuffs were very tight.

18.     The defendant officers imprisoned or otherwise caused MCCRIMON to be imprisoned in a police vehicle, and to be transported MCCRIMON to the NYPD's 121st precinct stationhouse.

3

19.     The defendant officers imprisoned MCCRIMON until his arraignment in Richmond County Criminal Court on charges filed under docket no. 2013RI005986; said charges having been filed based on the false allegations of defendant JOSEPH PERFETTO.

20.     The defendant officers conspired to initiate said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: in an effort to avoid discipline for the aforementioned abuse of authority and illegal conduct.

21.     Defendant PERFETTO created and manufactured false evidence against MCCRIMON, which he conveyed to the Richmond County District Attorney's Office causing said evidence to be used against MCCRIMON in the aforementioned legal proceeding.

22.     PERFETTO initiated the criminal prosecution against MCCRIMON by falsely swearing in a supporting deposition filed against MCCRIMON in Richmond County Criminal Court that: MCCRIMON was observed drinking alcohol in public; MCCRIMON became violent, screaming and yelling at the defendant officers; a large crowd of approximately ten to fifteen people formed and began to surround the defendant officers; MCCRIMON forced PERFETTO to arrest him and another person; MCCRIMON acted in this manner in front of approximately ten people who were approximately five feet away from MCCRIMON; that MCCRIMON stopped officers from issuing summonses to MCCRIMON and others on the scene, and; MCCRIMON pushed defendant CORPORAN's hands when that officer attempted to arrest MCCRIMON.  These allegations are entirely false.

23.     PERFETTO'S false sworn allegations resulted in the filing of charges against MCCRIMON that MCCRIMON purportedly violated New York Penal Law § 195.05

4

(Obstruction of Governmental Administration in the 2nd degree), and New York Penal Law §
240.20 (1) (Disorderly Conduct).

24.     The false charges compelled MCCRIMON to return to court on September 18,
2013 and November 13, 2013.

25.     On November 13, 2013, the false charges filed against MCCRIMON were
adjourned in contemplation of dismissal and immediately dismissed and sealed in Richmond
County Criminal Court.

26.     The defendant NYPD officers JOSEPH PERFETTO, CARLOS CORPORAN,
ROBERT RIVIELLO, RONALDO BURKE, and JOHN and JANE DOE 1 through 10 either
directly participated in and/or failed to intervene in the illegal conduct described herein.

27.     Defendant NYPD Sergeant ROBERT RIVIELLO, who held a supervisory rank
and had supervisory authority over the other NYPD officers involved in plaintiff's, directly
participated in and supervised, oversaw, and signed off on the unlawful arrest of plaintiff.

28.     All of the above occurred as a direct result of the unconstitutional policies,
customs or practices of the City of New York, including, without limitation, the inadequate
screening, hiring, retaining, training and supervising its employees, and due to discrimination
against plaintiff due to his race and/or nationality, and pursuant to a custom or practice of
falsification.

29.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK
is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs
Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD
officers, including the defendants are insufficiently trained and disproportionately stop, search,

and arrest individuals due to discrimination against them based on their race or nationality, and engage in a practice of falsification.

30.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

31.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

32.     As a result of the foregoing, plaintiff JARMEL MCCRIMON sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

### Federal Claims

## AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights Under 42 U.S.C. § 1983)

33.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "32" with the same force and effect as if fully set forth herein.

34.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

35.     All of the aforementioned acts deprived plaintiff JARMEL MCCRIMON of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and

6

Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

36.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

37.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

38.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

39.     As a result of the foregoing, plaintiff JARMEL MCCRIMON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

40.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendants arrested plaintiff JARMEL MCCRIMON without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

7

42.     Defendants caused plaintiff JARMEL MCCRIMON to be falsely arrested and unlawfully imprisoned, and as a result suffered loss of liberty and physical and mental pain and anguish.

43.     As a result of the foregoing, plaintiff JARMEL MCCRIMON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

44.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff JARMEL MCCRIMON'S constitutional rights.

46.     As a result of the aforementioned conduct of defendants, plaintiff JARMEL MCCRIMON was subjected to excessive force and sustained physical and emotional injuries.

47.     As a result of the foregoing, plaintiff JARMEL MCCRIMON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

48.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     Defendants created false evidence against plaintiff JARMEL MCCRIMON.

50.     Defendants utilized this false evidence against plaintiff JARMEL MCCRIMON in legal proceedings.

51.     As a result of defendants' creation and use of false evidence, plaintiff JARMEL MCCRIMON suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

52.     As a result of the foregoing, plaintiff JARMEL MCCRIMON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

53.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     Defendants issued criminal process against plaintiff JARMEL MCCRIMON by causing his arrest and prosecution in a criminal court.

55.     Defendants caused plaintiff JARMEL MCCRIMON to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their abuse of authority and illegal conduct, and thereby violated plaintiff's right to be free from malicious abuse of process.

56.     As a result of the foregoing, plaintiff JARMEL MCCRIMON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

57.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     Defendants had an affirmative duty to intervene on behalf of plaintiff JARMEL MCCRIMON, whose constitutional rights were being violated in their presence by other officers.

59.     The defendants failed to intervene to prevent the unlawful conduct described herein.

60.     As a result of the foregoing, plaintiff JARMEL MCCRIMON'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to over tight handcuffing, and compelled to appear in criminal court.

61.     As a result of the foregoing, plaintiff JARMEL MCCRIMON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

62.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly

supervise and train their subordinate employees.

64.     As a result of the foregoing, plaintiff JARMEL MCCRIMON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

65.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.     The defendants falsely arrested and subjected plaintiff JARMEL MCCRIMON to excessive force because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

67.     As a result of the foregoing, plaintiff JARMEL MCCRIMON was deprived of his rights under the Equal Protection Clause of the United States Constitution.

68.     As a result of the foregoing, plaintiff JARMEL MCCRIMON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

69.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     Defendants, collectively and individually, while acting under color of state law,

11

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

71.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, engaging in falsification, and inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff JARMEL MCCRIMON'S rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

72.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JARMEL MCCRIMON.

73.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JARMEL MCCRIMON as alleged herein.

74.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JARMEL MCCRIMON as alleged herein.

75.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff JARMEL MCCRIMON was unlawfully arrested and subjected to excessive force.

76.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JARMEL MCCRIMON'S constitutional rights.

77.    All of the foregoing acts by defendants deprived plaintiff JARMEL MCCRIMON of federally protected rights, including, but not limited to, the right:

   A.    Not to be deprived of liberty without due process of law;

   B.    To be free from false arrest/unlawful imprisonment;

   C.    To be free from excessive force;

   D.    To be free from the failure to intervene;

   E.    To receive his right to fair trial;

   F.    To be free from malicious abuse of process; and

   G.    To receive equal protection under law.

78.    As a result of the foregoing, plaintiff JARMEL MCCRIMON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

79.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

81.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

82.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

83.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

84.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A TENTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

85.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.     Defendants arrested plaintiff JARMEL MCCRIMON without probable cause.

87.     Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

88.     As a result of the aforementioned conduct, plaintiff JARMEL MCCRIMON was unlawfully imprisoned in violation of the laws of the State of New York.

89.     As a result of the aforementioned conduct, plaintiff JARMEL MCCRIMON suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and

14

loss of freedom.

90.     As a result of the foregoing, plaintiff JARMEL MCCRIMON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

91.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92.     As a result of the foregoing, plaintiff JARMEL MCCRIMON was placed in apprehension of imminent harmful and offensive bodily contact.

93.     As a result of defendant's conduct, plaintiff JARMEL MCCRIMON has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

94.     As a result of the foregoing, plaintiff JARMEL MCCRIMON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

95.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96.     Defendants made offensive contact with plaintiff JARMEL MCCRIMON without

15

privilege or consent.

97.     As a result of defendants' conduct, plaintiff JARMEL MCCRIMON has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

98.     As a result of the foregoing, plaintiff JARMEL MCCRIMON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
(Malicious Abuse of Process under laws of the State of New York)

99.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100.    Defendants issued criminal process against plaintiff JARMEL MCCRIMON by causing him to be arrested, arraigned and prosecuted in criminal court.

101.    Defendants caused plaintiff JARMEL MCCRIMON to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for the above mentioned acts of brutality.

102.    As a result of the foregoing, plaintiff JARMEL MCCRIMON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

103.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff JARMEL MCCRIMON.

105.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

106.    As a result of the foregoing, plaintiff JARMEL MCCRIMON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

107.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

108.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the excessive use of force against and the arrest of plaintiff JARMEL MCCRIMON.

17

109.     As a result of the foregoing, plaintiff JARMEL MCCRIMON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

110.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

112.     As a result of the foregoing, plaintiff JARMEL MCCRIMON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN SEVENTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

113.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114.     Defendant CITY OF NEW YORK is vicariously liable for the acts of its

18

employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

115. As a result of the foregoing, plaintiff JARMEL MCCRIMON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A EIGHTEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §11)

116. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117. As a result of defendants' conduct, plaintiff was deprived of his right to equal protection of laws.

118. As a result of the foregoing, plaintiff JARMEL MCCRIMON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
### (Violation of NYS Constitution Article 1 §12)

119. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "118" with the same force and effect as if fully set forth herein.

120. As a result of defendants' conduct, plaintiff JARMEL MCCRIMON was deprived

19

of his right to security against unreasonable searches, seizures, and interceptions.

121.    As a result of the foregoing, plaintiff JARMEL MCCRIMON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff JARMEL MCCRIMON demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
March 2, 2015

> LEVENTHAL & KLEIN, LLP
> Attorneys for Plaintiff JARMEL MCCRIMON
> 45 Main Street, Suite 230
> Brooklyn, New York 11201
> (718) 722-4100
>
> By:    _____
>        BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

JARMEL MCCRIMON,

|  | Plaintiff, | 14 CV 6200 |
|---|---|---|
|  |  | (ENV) (JO) |

    -against-

CITY OF NEW YORK, JOSEPH PERFETTO, Individually,
CARLOS CORPORAN, Individually, ROBERT RIVIELLO,
Individually, RONALDO BURKE, Individually, and JOHN
and JANE DOE 1 through 10, Individually (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                              Defendants.

-------------------------------------------------------------------------------X


**AMENDED COMPLAINT**


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100